# Dunbar Furnace Co. v. Pennsylvania Railroad Company (No. 2).

*Corporations—Foreign corporations—Registration—Act of April 22, 1874, P. L. 108.*

A corporation engaged in the iron business having ore mines in Michigan, a principal office in Ohio, an office for the transaction of business in the City of Pittsburgh, and a registered agent in the State of Pennsylvania, has sufficiently complied with the requirement as to registration of the constitution and the Act of April 22, 1874, P. L. 108, although it has not registered an additional agent, or established another place of business at a place in Pennsylvania where it stored its ores in yards leased by it for the purpose, to be smelted by a furnace company under a contract made in Ohio by which the ores were to be sold and delivered to the furnace company from time to time, and paid for by notes secured by pig iron as collateral, delivered to the iron company, and stored by it in the yards which it leased.

Argued May 8, 1912. Cross appeal, No. 176, Jan. T., 1912, by Cleveland Cliffs Iron Company, from judgment of C. P. Fayette Co., March T., 1911, No. 339, in case of Dunbar Furnace Co., and Walter C. Harris, receiver, v. Pennsylvania Railroad Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, MOSCHZISKER, JJ. Reversed.

Replevin against railroad company. Before UMBEL, P. J.

The facts appear in Dunbar Furnace Co. v. Pennsylvania Railroad Company (No. 1), 237 Pa. 192, and the opinion of the Supreme Court.

*Error assigned* was the decree of court.

*G. W. Pepper,* with him *W. B. Bodine, Jr., D. M. Herzog, Hoyt, Dustin, Kelly, McKeehan & Andrews,* for appellant.

*Abraham M. Beitler* and *A. Leo Weil,* for appellee.

OPINION BY MR. JUSTICE ELKIN, July 2, 1912:

This is a cross appeal by the Cleveland-Cliffs Iron Company from the judgment entered by the court below in the case above stated. The trial court decided that a certain portion of the iron in dispute belonged to the iron company and a certain other portion to the receiver of the furnace company, and entered judgment accordingly. The furnace company took an appeal to this court, and the iron company to the Superior Court, because the amount involved in the judgment in favor of the receiver and against the iron company was less than $1,500.00. Under these circumstances the Superior Court certified the case involving the smaller amount to this court. Both cases are now before us for decision, but the legal principles upon which the rights of the parties depend do not materially differ. In the appeal of the furnace company we have just decided that the iron company had properly registered an authorized agent in Pennsylvania on whom legal process could be served, and that an office, or place of business, within the meaning of the law, had been established. What was said in that case applies to this one. The title to the property in dispute here is in the iron company and there is no distinction in principle between the two cases. The iron is piled on ground leased by the iron company and is set apart and marked

as its property.   The iron company through its employees has possession of the Grey Forge iron just as it has possession of the other iron in dispute.   There is no doubt that it took the title and possession of this iron under a contract with the furnace company prior to the receivership and that it has complied with the law as to indicia of ownership and right of possession. The Gray Forge iron, like the other iron in dispute, belongs to the iron company and the learned court erred in holding that it did not.

Judgment reversed and record remitted with directions to enter judgment in favor of appellant for the amount involved.